Jacob P. Duginski, Esq. (SBN 316091)
jduginski@bdlaw.com
Susan E. Smith, Esq. (SBN 329539)
ssmith@bdlaw.com
BEVERIDGE & DIAMOND, P.C.
333 Bush Street, Suite 1500
San Francisco, CA 94104-1251
Telephone: (415) 262-4018

Megan R. Brillault, Esq. (admitted *pro hac vice*)
mbrillault@bdlaw.com
Katrina M. Krebs, Esq. (admitted *pro hac vice*)
kkrebs@bdlaw.com
BEVERIDGE & DIAMOND, P.C.
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 702-5400

*Attorneys for Defendant Martinez Refining Company LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE SALIBA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARTINEZ REFINING COMPANY LLC,<br><br>Defendant. | Case No. 4:24-cv-08153-HSG<br><br>The Hon. Haywood S. Gilliam, Jr.<br><br>Complaint Filed: November 19, 2024<br>Answer Filed: March 14, 2025 |
| ELIZABETH SILVESTRI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARTINEZ REFINING COMPANY LLC,<br><br>Defendant. | Case No. 4:24-cv-08241-HSG<br><br>The Hon. Haywood S. Gilliam, Jr.<br><br>Complaint Filed: November 21, 2024<br>Answer Filed: March 14, 2025 |

| | |
|---|---|
| ROBERT MANNING, et al., | Case No. 4:24-cv-08316-HSG |
| Plaintiffs, | The Hon. Haywood S. Gilliam, Jr. |
| v. | |
| MARTINEZ REFINING COMPANY LLC, | Complaint Filed: November 22, 2024<br>Answer Filed: March 14, 2025 |
| Defendant. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO STRIKE AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................................1

RELEVANT BACKGROUND .........................................................................................................2

LEGAL STANDARD........................................................................................................................3

ARGUMENT.....................................................................................................................................4

   I. MRC provided fair notice of each of its affirmative defenses.............................................4

   II. Plaintiffs' motions are premature because discovery is necessary to determine whether MRC's affirmative defenses are irrelevant to any one of the 684 Plaintiffs' claims. ....................................7

   III. It is not necessary to strike defenses that negate Plaintiffs' prima facie case. ................................10

   IV. MRC should be granted leave to amend any insufficiently pled affirmative defenses....................11

CONCLUSION................................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Barnes & Noble, Inc. v. LSI Corp.*,
  849 F. Supp. 2d 925 (N.D. Cal. 2012) ................................................................................... 5

*Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*,
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................................................. 8

*Blackberry Ltd. v. Typo Prods. LLC*,
  No. 14-cv-23, 2014 WL 1867009 (N.D. Cal. May 8, 2014) ................................................. 5

*Brown v. Stored Value Cards, Inc.*,
  953 F.3d 567 (9th Cir. 2020) ............................................................................................... 11

*Cabrera v. Alvarez*,
  No. 12-cv-4890, 2013 WL 3146788 (N.D. Cal. June 18, 2013) ............................................ 8

*Castro v. County of Los Angeles*,
  833 F.3d 1060 (9th Cir. 2016) ............................................................................................... 4

*CTF Dev., Inc. v. Penta Hosp., LLC*,
  No. C 09-2429, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) .............................................. 9

*Erickson Prods., Inc. v. Kast*,
  No. 13-cv-5472, 2014 WL 1652478 (N.D. Cal. Apr. 23, 2014) ............................................ 9

*Estate of Chivrell v. City of Arcata*,
  694 F. Supp. 3d 1218 (N.D. Cal. 2023) ............................................................................ 3, 4

*Ganley v. Cnty. of San Mateo*,
  No. C06-3923, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007) ................................................ 7

*Garcia v. Salvation Army*,
  918 F.3d 997 (9th Cir. 2019) ............................................................................................ 3, 4

*Hawkins v. Kroger Co.*,
  No. 15-cv-2320, 2019 WL 6310553 (S.D. Cal. Nov. 25, 2019) ............................................ 9

*In re Honest Co., Inc. Sec. Litig.*,
  343 F.R.D. 147 (C.D. Cal. 2022) ................................................................................... 10, 11

*In re Quaker Oats Labeling Litig.*,
  No. C 10-0502, 2013 WL 12155299 (N.D. Cal. May 20, 2013) ..................................... 3, 11

*Ingram v. Pac. Gas & Elec.*,
   No. 12-cv-2777, 2014 WL 295829 (N.D. Cal. Jan. 27, 2014) ................................................ 8

*Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*,
   No. 16-cv-599, 2016 WL 8469189 (N.D. Cal. Dec. 19, 2016) ..................................... 1, 3, 10

*Jensen v. Thomas*,
   No. 23-cv-1628, 2024 WL 5295012 (N.D. Cal. Aug. 15, 2024) ........................................... 5

*Jostad v. May Trucking Co.*,
   No. 19-cv-31, 2019 WL 3024658 (D. Or. July 10, 2019) ................................................... 10

*Kanaan v. Yaqub*,
   709 F. Supp. 3d 864 (N.D. Cal. 2023) ................................................................. 3, 4, 5, 10, 11

*Kohler v. Flava Enters., Inc.*,
   779 F.3d 1016 (9th Cir. 2015) ............................................................................................ 4, 5

*LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*,
   20-cv-7905, 2021 WL 2953237 (N.D. Cal. July 14, 2021) ................................................ 5, 9

*Loi Nguyen v. Durham School Servs., LP*,
   358 F. Supp. 3d 1056 (C.D. Cal. 2019) ........................................................................ 4, 5, 7

*Meas v. CVS Pharmacy, Inc.*,
   No. 11-cv-823, 2011 WL 2837432 (S.D. Cal. July 14, 2011) ............................................... 8

*Solis v. Zenith Capital, LLC*,
   No. C 08-4854, 2009 WL 1324051 (N.D. Cal. May 8, 2009) ............................................... 9

*Simmons v. Navajo Cnty.*,
   609 F.3d 1011 (9th Cir. 2010) ............................................................................................... 4

*Springer v. Fair Isaac Corp.*,
   No. 14-cv-2238, 2015 WL 7188234 (E.D. Cal. Nov. 16, 2015) ............................................ 7

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) ................................................................................ 3

*Stevens v. Corelogic, Inc.*,
   No. 14-cv-1158, 2015 WL 7272222 (S.D. Cal. Nov. 17, 2015) ............................................ 8

*Threshold Enter. Ltd. v. Lifeforce Dig. Inc.*,
   730 F. Supp. 3d 940 (N.D. Cal. 2024) .................................................................................. 5

*United States v. Acad. Mortg. Corp.*,
   No. 16-cv-2120, 2020 WL 7056017 (N.D. Cal. Dec. 2, 2020) ............................................. 9

*Vistan Corp. v. Fadei USA, Inc.*,
  No. C-10-4862, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) .............................................................. 7

*Wesch v. Yodlee, Inc.*,
  No. 20-cv-5991, 2021 WL 6206642 (N.D. Cal. Dec. 6, 2021) ............................................................. 9

*Wyshak v. City Nat'l Bank*,
  607 F.2d 824 (9th Cir. 1979) ................................................................................................... 3, 6, 11

**Rules and Regulations**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 4

Fed. R. Civ. P. 8(b) ..................................................................................................................... 10

Fed. R. Civ. P. 8(c)(1) .................................................................................................................. 4

**Additional Authorities**

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.) ................. 4

vi

OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES; C<small>ASE</small> N<small>OS</small>. 4:24-CV-08153-HSG;
4:24-CV-08241-HSG; 4:24-CV-08316-HSG

**INTRODUCTION**

Plaintiffs' motions to strike affirmative defenses "serve little useful purpose" at this early stage.[1] Defendant Martinez Refining Company LLC ("MRC") provided fair notice of its affirmative defenses—all that is required under the federal rules—and the disfavored remedy of striking the defenses is not warranted here. Plaintiffs filed these individual actions in November 2024, naming 684 Plaintiffs who allege that several separate incidents at MRC's petroleum refinery caused them differing personal and other injuries. No discovery of these many Plaintiffs and their alleged toxic tort claims has occurred. Despite the early stage of these cases, Plaintiffs ask the Court to strike many of the affirmative defenses raised by MRC because they purportedly are not detailed enough. Once discovery on the *Saliba*, *Silvestri*, and *Manning* Plaintiffs' individual actions begins, MRC intends to continue investigating Plaintiffs' conduct and alleged injuries—relevant information that is in Plaintiffs' and not MRC's possession—to further support its affirmative defenses.

Plaintiffs' motions to strike MRC's affirmative defenses also will not materially advance this litigation. Plaintiffs claim that certain defenses are not true affirmative defenses; but Plaintiffs acknowledge that striking them from the answer will not prevent MRC from raising those same defenses later. Moreover, Plaintiffs have represented that they intend to seek leave to amend their Complaints, and if they do, such amended complaints will moot MRC's current answers and affirmative defenses. Not only are Plaintiffs' motions meritless, but they are premature until any motions to amend complaints are resolved.

MRC provided sufficient information in good faith to put Plaintiffs on notice of its affirmative defenses. And in light of the impending amended complaints, Plaintiffs' motions serve only to delay this litigation and impose unnecessary burdens and costs—the exact reasons that motions to strike affirmative defenses are disfavored. The motions to strike should be denied. To the extent the Court dismisses any of those affirmative defenses, MRC should be granted leave to amend its answers.

---

[1] *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 16-cv-599, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016) (Donato, J.).

**RELEVANT BACKGROUND**

Beginning in July 2024, Plaintiffs' counsel filed four actions against MRC with hundreds of Plaintiffs asserting individual claims. Plaintiffs alleged that four separate releases of emissions at its petroleum refinery in Martinez, California, caused differing personal injuries (ranging from breathing difficulties to headaches to asthma to memory issues to cancer), property damages, and other impacts to homeowners, renters, and nonresidents. *Frye v. Martinez Refining Company LLC*, No. 4:24-cv-04506-HSG (N.D. Cal. filed July 25, 2024) (18 plaintiffs); *Silvestri v. Martinez Refining Company LLC*, No. 4:24-cv-08241-HSG (N.D. Cal. filed Nov. 21, 2024) (195 plaintiffs); *Manning v. Martinez Refining Company LLC*, No. 4:24-cv-08316-HSG (N.D. Cal. filed Nov. 22, 2024) (204 plaintiffs); *Saliba v. Martinez Refining Company LLC*, No. 4:24-cv-08153-HSG (N.D. Cal. filed Nov. 19, 2024) (285 plaintiffs).

In the *Saliba*, *Silvestri*, and *Manning* actions, the answer deadlines were extended in part because Plaintiffs were evaluating whether to amend the Complaints. *Saliba*, No. 4:24-cv-08153, ECF Nos. 19, 25; *Silvestri*, No. 4:24-cv-08241, ECF Nos. 17, 20; *Manning*, No. 4:24-cv-08316, ECF Nos. 17, 20. Plaintiffs did not seek to do so, and on March 14, 2025, MRC answered the more than 1,000 pages and thousands of allegations comprising the three Complaints in the *Saliba*, *Silvestri*, and *Manning* actions. *Saliba*, No. 4:24-cv-08153, ECF No. 28; *Silvestri*, No. 4:24-cv-08241, ECF No. 26; *Manning*, No. 4:24-cv-08316, ECF No. 25.[2]

On April 4, 2025, Plaintiffs filed substantively identical motions to strike in the *Saliba*, *Silvestri*, and *Manning* actions, seeking to dismiss the majority of MRC's affirmative defenses. *Saliba*, No. 4:24-cv-08153, ECF No. 30; *Silvestri*, No. 4:24-cv-08241, ECF No. 31; *Manning*, No. 4:24-cv-08316, ECF No. 26. Less than a week later, in the parties' joint case management statements, Plaintiffs again represented that they intended to amend their Complaints by "seeking Defendant's consent (or absent Defendant's consent, leave of Court), to add additional allegations and parties" and that they anticipate

---

[2] On January 17, 2025, in the *Frye* action, MRC answered the First Amended Complaint and raised substantively identical affirmative defenses to those in the *Saliba*, *Silvestri*, and *Manning* answers. The *Frye* Plaintiffs, represented by the same counsel as the *Saliba*, *Silvestri*, and *Manning* Plaintiffs, did not move to strike those affirmative defenses.

filing those amended pleadings "no later than June 16, 2025."[3] *Saliba*, No. 4:24-cv-08153, ECF No. 37; *Silvestri*, No. 4:24-cv-08241, ECF No. 33; *Manning*, No. 4:24-cv-08316, ECF No. 32.

## LEGAL STANDARD

Motions to strike affirmative defenses are "disfavored" under federal law. *See Estate of Chivrell v. City of Arcata*, 694 F. Supp. 3d 1218, 1227 (N.D. Cal. 2023) (Gilliam, J.) (denying in part motion to strike). Federal courts recognize that motions to strike "serve little useful purpose in modern federal practice, and are often wielded mainly to cause delay and inflict needless burdens on opposing parties." *Inn S.F. Enter.*, 2016 WL 8469189, at *1 (while partly successful, the motion to strike could "hardly be called a strategic success or worth the time and money it involved" as it did not meaningfully advance the case).

The Ninth Circuit only requires that affirmative defenses provide enough facts to give plaintiffs "fair notice" of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (affirmative defenses adequately pled); *see also Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019). An affirmative defense generally should not be stricken "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 867 (N.D. Cal. 2023) (Pitts, J.) (quotation omitted) (denying in part motion to strike). When ruling on a motion to strike, courts view the pleadings in the light most favorable to the non-movant. *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1140 (N.D. Cal. 2010).

Where an affirmative defense is not sufficiently pled, courts liberally grant leave to amend the answer. *See In re Quaker Oats Labeling Litig.*, No. C 10-0502, 2013 WL 12155299, at *2 (N.D. Cal. May 20, 2013) (motion to strike denied; motions to strike are an inefficient way of "moving towards a resolution on the merits" because "leave to amend would be required under nearly all conceivable circumstances" so many affirmative defenses will likely remain).

---

[3] Plaintiffs have represented that they anticipate adding allegations to their Complaints about a February 1, 2025 fire at the refinery, which is not currently at issue in the Complaints but which they discuss in their motions to strike—reinforcing that these motions to strike are not only meritless but also premature.

3

OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES; CASE NOS. 4:24-CV-08153-HSG;
4:24-CV-08241-HSG; 4:24-CV-08316-HSG

# ARGUMENT

**I. MRC provided fair notice of each of its affirmative defenses.**

Each of the affirmative defenses pled by MRC provided enough information to put Plaintiffs on notice of the defense. The standard for pleading affirmative defenses in the Ninth Circuit is that defendants provide plaintiffs "fair notice" of the affirmative defense, meaning the defense must be described in "'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.)) (affirmative defense adequately pled where plaintiff receive "sufficient notice"); *see also Estate of Chivrell*, 694 F. Supp. 3d at 1235-36 (affirmative defense was adequately pled where "the true nature of the defense [was] apparent"). A "detailed statement of facts isn't required." *Loi Nguyen v. Durham School Servs., LP*, 358 F. Supp. 3d 1056, 1060 (C.D. Cal. 2019) (affirmative defenses adequately pled under the "less demanding" fair notice standard).

Contrary to Plaintiffs' suggestion that defendants in the Northern District of California must satisfy the *Twombly* and *Iqbal* pleading standards, neither the Supreme Court nor the Ninth Circuit have directly addressed whether those heightened pleading standards apply to affirmative defenses. However, Ninth Circuit decisions post-dating the *Twombly* and *Iqbal* decisions continue to only reference the "fair notice" requirement. *See Kohler*, 779 F.3d at 1019; *Garcia*, 918 F.3d at 1008; *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (affirmative defense was adequately raised where plaintiffs had notice of defense), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.) ("the majority of courts" do not extend *Twombly* and *Iqbal* to affirmative defenses). Moreover, while Rule 8(a)(2) requires a party stating a claim for relief to "<u>show</u>[]" that they are entitled to relief, Rules 8(b)(1) and 8(c)(1) only require a responding party to "<u>state</u>" its defenses and affirmative defenses. *Compare* Fed. R. Civ. P. 8(a)(2) *with* Fed. R. Civ. P. 8(c)(1) (emphasis added); *see also Kanaan*, 709 F. Supp. 3d at 868 (*Twombly* and *Iqbal* do not apply to affirmative defenses). "Showing something, rather than simply stating it in plain terms, is a more difficult task"—supporting the conclusion that *Twombly* and *Iqbal* should not be extended to affirmative defenses. *Nguyen*, 358 F.

Supp. 3d at 1060; *see also Jensen v. Thomas*, No. 23-cv-1628, 2024 WL 5295012, at \*2 (N.D. Cal. Aug. 15, 2024) (Lin, J.) (heightened *Iqbal/Twombly* pleading standard does not apply to affirmative defenses; defenses need only be stated in general terms).[4]

It makes practical sense that there is a lesser pleading burden for affirmative defenses than claims: (i) unlike plaintiffs, defendants typically have limited time to investigate the facts and respond to a complaint, (ii) defendants must raise all affirmative defenses in their answer or risk waiving them, (iii) plaintiffs can explore the bases for the affirmative defenses in discovery, and (iv) affirmative defenses do not initiate a lawsuit or impose the same burdens as claims, so it is not as important to screen them for adequate factual support. *Kanaan*, 709 F. Supp. 3d at 868; *Nguyen*, 358 F. Supp. 3d at 1061-62. Those concerns are particularly pronounced in this case because MRC was required to answer, without the benefit of discovery, over 1,000 pages and thousands of allegations comprising three Complaints alleging harm to hundreds of Plaintiffs.

MRC satisfied its minimal burden of providing fair notice of its affirmative defenses. The answers identify each of the affirmative defenses that MRC is asserting. *See Threshold Enter. Ltd. v. Lifeforce Dig. Inc.*, 730 F. Supp. 3d 940, 944, 946 (N.D. Cal. 2024) (Pitts, J.) (defendant would have adequately pleaded affirmative defenses of unclean hands and fraud had it "simply asserted [those defenses] without more detail"). And for a number of the affirmative defenses, MRC provided additional facts explaining their grounds.

---

[4] Plaintiffs are wrong that *Iqbal and Twombly* is applied consistently in the Northern District of California. While many Northern District decisions do apply *Iqbal* and *Twombly* as the pleading standard for affirmative defenses, more recent decisions have followed the reasoning of other district courts in the Ninth Circuit and have not applied the heightened standard. *See, e.g.*, *Jensen*, 2024 WL 5295012, at \*2; *Kanaan*, 709 F. Supp. 3d at 868. Moreover, *LumaSense Technologies, Inc. v. Advanced Engineering Services, LLC*, cited by Plaintiffs, inaccurately states the application of *Iqbal* and *Twombly* in the Northern District. No. 20-cv-7905, 2021 WL 2953237 (N.D. Cal. July 14, 2021) (Orrick, J.). Judge Orrick only cited three other Northern District cases for support, two of which were his prior decisions, and the other, *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 929 (N.D. Cal. 2012) (Chen, J.), along with his *Blackberry Ltd. v. Typo Products LLC*, No. 14-cv-23, 2014 WL 1867009 (N.D. Cal. May 8, 2014) decision, were decided prior to the Ninth Circuit's 2015 decision in *Kohler*. *LumaSense,* 2021 WL 2953237, at \*6. As noted *supra*, *Kohler* only applied fair notice and not the *Iqbal* and *Twombly* pleading standard to affirmative defenses. 779 F.3d at 1019.

For example, MRC asserted that the doctrine of unclean hands partially or wholly barred Plaintiffs' claims because "Plaintiffs may have caused the alleged injuries to themselves, their real property, or their personal property" (Affirmative Defense No. 5). *Saliba*, No. 4:24-cv-08153, ECF No. 28 at 294; *Silvestri*, No. 4:24-cv-08241, ECF No. 26 at 209; *Manning*, No. 4:24-cv-08316, ECF No. 5 at 194. In other words, MRC identified the types of behavior that give rise to this affirmative defense, more than was provided in the cases cited by Plaintiffs, which also applied the heightened pleading standard. *See, e.g.*, *CTF Dev., Inc. v. Penta Hospitality, LLC*, 09-cv-02429, at * (N.D. Cal. Oct. 26, 2009) (cited by Plaintiffs) (applying *Iqbal* and striking affirmative defense that all or some of the claims were "barred under the doctrine of unclean hands"). As is necessary in a mass tort such as this, with thousands of allegations and hundreds of Plaintiffs, MRC will further develop support for this defense during discovery. *See infra* Section II.

Further, Affirmative Defenses Nos. 11 and 13, which concern preemption and the actions and omissions of various agencies, are sufficiently pled because they describe the applicable defense, the types of relevant laws and agencies, and the grounds for the defense. It is not clear what further information Plaintiffs need to be put on notice of these or the primary jurisdiction defense (Affirmative Defense No. 12), particularly where their Complaints include allegations about enforcement and other actions taken by various agencies and recognize that the refinery must operate in compliance with certain federal, state, and local laws and regulations. *See, e.g.*, *Saliba*, No. 4:24-cv-08153, ECF No. 1 ¶¶ 88-89, 116-19, 4384; *Silvestri*, No. 4:24-cv-08241, ECF No. 1 ¶¶ 86-87, 114-17, 3069; *Manning*, No. 4:24-cv-08316, ECF No. 1 ¶¶ 86-87, 114-17, 2670. Likewise, MRC asserted that Plaintiffs' claims were barred in whole or in part by the statute of limitations and identified the applicable statutory provisions (Affirmative Defense No. 4)—enough to give Plaintiffs fair notice of the defense. *See Wyshak*, 607 F.2d at 827 (fair notice provided where defendant asserted claims were barred by the applicable statute of limitations and identified the statute in a memorandum).

The same is true of the affirmative defenses that Plaintiffs released their claims against MRC (Affirmative Defense No. 7), that their claims were barred in whole or in part by pre-existing medical conditions (Affirmative Defense No. 9), and that any damages that Plaintiffs are entitled to recover are

subject to reduction by the amounts that they are entitled to receive from collateral sources for the same injuries (Affirmative Defense No. 22), among others. Not only are Plaintiffs aware of the specific affirmative defenses being raised, but in most instances, Plaintiffs and not MRC are the ones with the facts relevant to those defenses. *See infra* Section II.

MRC provided Plaintiffs with sufficient information about and fair notice of its affirmative defenses. That is all that is required at this early stage of these mass torts. The Court need not decide now whether the affirmative defenses are inapplicable to the 684 Plaintiffs, and MRC's Affirmative Defenses Nos. 4-7, 9, 11-13, 21, and 22 should stand.

## II. Plaintiffs' motions are premature because discovery is necessary to determine whether MRC's affirmative defenses are irrelevant to any one of the 684 Plaintiffs' claims.

It is impractical and unreasonable to require MRC to allege additional details to maintain its affirmative defenses at this time. Plaintiffs do not contend that MRC's affirmative defenses are "immaterial or impertinent" to their claims. *Nguyen*, 358 F. Supp. 3d at 1063 (motion to strike denied as to 13 of 15 affirmative defenses because at the early stage, it could not be said that the defenses did not bear any "essential or important relationship" to plaintiff's claims). Instead, Plaintiffs simply argue that MRC has not alleged enough facts to support its affirmative defenses. However, discovery has not begun into the allegations of the 684 Plaintiffs, who are spread across the three Complaints, range from owners to renters to nonresidents, and assert a variety of personal and other injuries from emissions allegedly released during distinct incidents at the refinery. Nor have Plaintiffs served any Rule 26(a)(1) initial disclosures in these cases. So it is Plaintiffs who possess much of the information and knowledge necessary to support the affirmative defenses—not MRC. *See Ganley v. Cty. of San Mateo*, No. C06-3923, 2007 WL 902551, at *4 (N.D. Cal. Mar. 22, 2007) (early stages of discovery militate against striking); *Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) (Spero, J.) (boilerplate affirmative defenses appropriate before discovery has commenced).

MRC should be allowed to obtain those necessary facts "through the due course of discovery" before subjecting its affirmative defenses to dismissal. *Springer v. Fair Isaac Corp.*, No. 14-cv-2238, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015) (motion to strike single sentence affirmative

7
OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES; Case Nos. 4:24-cv-08153-HSG; 4:24-cv-08241-HSG; 4:24-cv-08316-HSG

1  defenses denied; it was "particularly difficult at this stage of the lawsuit to conceive what additional
2  facts could be offered to support Defendant's proposition"); *see also Meas v. CVS Pharmacy, Inc.*, No.
3  11-cv-823, 2011 WL 2837432, at *4 (S.D. Cal. July 14, 2011) (motion to strike affirmative defenses
4  denied without prejudice because of the "present inability of the court to determine whether the
5  challenged allegations are so unrelated to the plaintiff's claims" (quotation omitted)).

6       A review of Affirmative Defense Nos. 4-7, 9, 11-13, and 21-22 highlights the need for discovery
7  in order for MRC to allege facts supporting those defenses because the information is primarily in
8  Plaintiffs' possession. For example, MRC's statute of limitations defense (Affirmative Defense No. 4)
9  cites to Rule 340.8, among others, which incorporates the discovery rule and would require information
10 as to when a Plaintiff knew or should have known about their claims and injuries. Similarly, MRC's
11 unclean hands defense (Affirmative Defense No. 5) will require facts relating to actions a Plaintiff took
12 or failed to take, information that MRC will seek from Plaintiffs during discovery. *See also* Aff. Def.
13 No. 21 (setoffs of damages awards) and Aff. Def. No. 22 (monies plaintiffs received from collateral
14 sources). MRC also cannot identify Plaintiffs' pre-existing medical conditions to support Affirmative
15 Defense No. 9, as Plaintiffs want, where it has not yet obtained their medical records and other medical
16 histories. *Saliba*, No. 4:24-cv-08153, ECF No. 30 at 9; *Silvestri*, No. 4:24-cv-08241, ECF No. 31 at 9;
17 *Manning*, No. 4:24-cv-08316, ECF No. 26 at 9.

18      None of the cases cited in Plaintiffs' motions require a different conclusion. Those cases did not
19 involve alleged toxic tort claims asserted by hundreds of individual plaintiffs, and some of the actions
20 were at much later stages of the litigation than here. *See, e.g.*, *Barnes v. AT & T Pension Ben. Plan–*
21 *Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (ERISA claim for wrongful
22 termination; case pending for over two years before motion to strike filed); *Ingram v. Pac. Gas & Elec.*,
23 No. 12-cv-2777, 2014 WL 295829, at *3 (N.D. Cal. Jan. 27, 2014) (single plaintiff employment
24 discrimination action; summary judgment motion to dismiss affirmative defenses filed after discovery
25 occurred); *Cabrera v. Alvarez*, No. 12-cv-4890, 2013 WL 3146788, at *1 (N.D. Cal. June 18, 2013)
26 (single plaintiff alleging defendant provided substandard housing); *Stevens v. Corelogic, Inc.*, No. 14-
27 cv-1158, 2015 WL 7272222, at *4 (S.D. Cal. Nov. 17, 2015) (copyright infringement action);

28

*LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-cv-7905, 2021 WL 2953237, at *6 (N.D. Cal. July 14, 2021) (copyright infringement and trade secret action); *Wesch v. Yodlee, Inc*., No. 20-cv-5991, 2021 WL 6206642, at *2 (N.D. Cal. Dec. 6, 2021) (allegations involved computer fraud and failure to protect banking data); *CTF Dev., Inc. v. Penta Hosp., LLC*, No. C 09-2429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (trademark infringement action); *United States v. Acad. Mortg. Corp*., No. 16-cv-2120, 2020 WL 7056017, at *3 (N.D. Cal. Dec. 2, 2020) (False Claims Act against mortgage company for falsifying compliance with HUD regulations).

      Other cases cited in Plaintiffs' motions are distinguishable on additional grounds. For example, Plaintiffs cite *Solis v. Zenith Capital, LLC*, for the proposition that affirmative defenses that only state a legal conclusion are insufficient and should be struck. *Saliba*, No. 4:24-cv-08153, ECF No. 30 at 8, 10; *Silvestri*, No. 4:24-cv-08241, ECF No. 31 at 8, 10; *Manning*, No. 4:24-cv-08316, ECF No. 26 at 8, 10. *Solis* involved claims brought by the Secretary of Labor for various alleged ERISA violations. No. C 08-4854, 2009 WL 1324051, at *1 (N.D. Cal. May 8, 2009). While the court struck a statute of limitations defense for failing to provide fair notice, the defendant in *Solis*, unlike MRC here, did not identify the statute that it was relying on. *Id.* at *3-4. The other six affirmative defenses were not struck because of a lack of facts; for example, four of the defenses relied on private settlements that had no impact on the Secretary's claims, and the laches defense was not permitted in an ERISA action. *Id.* at *4-7. Similarly, in *Erickson Productions, Inc. v. Kast*, a copyright infringement case, the court struck an affirmative defense as inadequately pled where defendant did not allege sufficient facts that its use of photographs was permitted by the fair use doctrine—information that is clearly within defendant's own possession. No. 13-cv-5472, 2014 WL 1652478, at *2-4 (N.D. Cal. Apr. 23, 2014); *see also Hawkins v. Kroger Co*., No. 15-cv-2320, 2019 WL 6310553, at *2 (S.D. Cal. Nov. 25, 2019) (striking affirmative defense of primary jurisdiction because "the court sees no circumstance where it need apply in this case" but denying motion to strike other boilerplate defenses).

      During fact and expert discovery, MRC will seek documents, testimony, medical records, and other information from Plaintiffs and third parties to prove that its affirmative defenses preclude all or part of Plaintiffs' claims. Granting Plaintiffs' motions to strike now would likely only result in multiple

1  subsequent motions to amend the answer as discovery reveals additional relevant facts. Thus, Plaintiffs'
motions to strike "serve little useful purpose" at this early stage and are at best premature.[5] *Inn S.F.
Enter.*, 2016 WL 8469189, at *1-2.

### III.  It is not necessary to strike defenses that negate Plaintiffs' prima facie case.

Plaintiffs seek to strike MRC's Affirmative Defense Nos. 1-3, 18-20, and 23-25, claiming that they are "negative defenses" that are improperly included as affirmative defenses. *Saliba*, No. 4:24-cv-08153, ECF No. 30 at 6; *Silvestri*, No. 4:24-cv-08241, ECF No. 31 at 6; *Manning*, No. 4:24-cv-08316, ECF No. 26 at 6. But Rule 8(b) allows a party to state its defenses to the claims asserted against it, whether perceived as a "negative defense" or an affirmative defense. Fed. R. Civ. P. 8(b); *see also In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 150 (C.D. Cal. 2022) (denying motion to strike because "[n]egative defenses may be raised in an answer"). "[M]istakenly categorizing a negative defense as an affirmative defense generally is not a basis for striking it." *In re Honest Co.*, 343 F.R.D. at 150.

Even if Plaintiffs are correct that these defenses only challenge Plaintiffs' ability to prove their claims and are not affirmative defenses, including them in the answers imposes no additional burden on Plaintiffs. *See Kanaan*, 709 F. Supp. 3d at 870 (while defendant "was not required to include those defenses in his answer to preserve them, . . . their inclusion in the answer will not impose any additional burden on" plaintiff). Nor have Plaintiffs argued that the defenses are irrelevant to their claims or explained how striking them will somehow "streamline the litigation." *Saliba*, No. 4:24-cv-08153, ECF No. 30 at 2; *Silvestri*, No. 4:24-cv-08241, ECF No. 31 at 2; *Manning*, No. 4:24-cv-08316, ECF No. 26 at 2.

Plaintiffs' motions on this ground once again "serve little useful purpose." *Inn S.F. Enter.*, 2016 WL 8469189, at *1-2; *see also Jostad v. May Trucking Co.*, No. 19-cv-31, 2019 WL 3024658, at *2 (D. Or. July 10, 2019) (denying motion to strike negative defenses because "at this stage in the litigation, striking negative defenses would do little more than tidy up the pleadings"). "Given the general policy disfavoring striking relevant portions of pleadings," MRC's Affirmative Defenses Nos. 1-3, 18-20, and

---

[5] Plaintiffs' motions are also premature given Plaintiffs' representation that they will be seeking leave to amend their Complaints to add plaintiffs and allegations about a separate incident at the refinery. *See supra* Relevant Background.

10

OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES; Case Nos. 4:24-cv-08153-HSG;
4:24-cv-08241-HSG; 4:24-cv-08316-HSG

23-25 should not be struck. *Kanaan*, 709 F. Supp. 3d at 870 (striking only the characterization of the defenses as "affirmative," not the defenses).

### IV. MRC should be granted leave to amend any insufficiently pled affirmative defenses.

Courts freely grant leave to amend an answer where affirmative defenses are not adequately pled. *See Wyshak*, 607 F.2d at 826; *In re Quaker Oats*, 2013 WL 12155299, at *2; *see also In re Honest Co.*, 343 F.R.D. at 154 (leave to amend granted; the Ninth Circuit policy is to grant leave to amend with "'extreme liberality'" (quoting *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020))).

To the extent the Court finds that MRC did not provide sufficient notice of any of its affirmative defenses, leave to amend the answers is warranted here. While many of the facts supporting the affirmative defenses are still in the possession of Plaintiffs, *see supra* Section II, MRC could provide examples of the types of information that it will seek to develop during discovery (e.g., of the types of collateral sources from which Plaintiffs might be entitled to recover for their alleged injuries and the types of pre-existing injuries that could bar Plaintiffs' claims). And though Plaintiffs' legal theories as to the cause of their alleged injuries are still developing, with Plaintiffs representing that they will seek to add allegations to their Complaints about an additional incident at the refinery, MRC could add facts to other affirmative defenses about the laws and regulations governing its operations, the federal, state, and local agencies overseeing and directing its activities, and other issues. Additionally, the deadline for amending the answers should come after Plaintiffs seek leave to amend their Complaints to avoid wasting the parties' and the Court's time and resources yet again.

### CONCLUSION

MRC provided Plaintiffs with fair notice, in good faith, of its affirmative defenses, satisfying the minimal pleading requirements under the federal rules. The Ninth Circuit has not embraced the heightened pleading standard that Plaintiffs seek to impose on MRC, which in any event should not apply to the unique circumstances of this case. Detailed facts supporting the affirmative defenses are not required or appropriate in mass torts such as this, where hundreds of plaintiffs alleging differing harm and causes of their injuries are in possession of the information and discovery has not yet begun. The disfavored and premature motions to strike should be denied or leave to amend should be granted.

Dated: April 30, 2025  **BEVERIDGE & DIAMOND, P.C.**

*/s/ Jacob P. Duginski*
Jacob P. Duginski
Susan E. Smith
Megan R. Brillault
Katrina M. Krebs

*Attorneys for Defendant Martinez Refining Company LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I caused to be served a true and correct copy of the foregoing, which was served on all counsel of record using the Court's CM/ECF system.

Dated: April 30, 2025                **BEVERIDGE & DIAMOND, P.C.**

*/s/ Jacob P. Duginski*
Jacob P. Duginski

*Attorney for Defendant*
*Martinez Refining Company LLC*