UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFOR*NIA*

| | |
|---|---|
| ALICE SALIBA, et al.,<br>Plaintiffs,<br>v.<br>MARTINEZ REFINING COMPANY LLC,<br>Defendant. | Case No. 24-cv-08153-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**<br><br>Re: Dkt. No. 30 |
| ELIZABETH SILVESTRI, et al.,<br>Plaintiffs,<br>v.<br>MARTINEZ REFINING COMPANY LLC,<br>Defendant. | Case No. 24-cv-08241-HSG<br><br>Re: Dkt. No. 31 |
| ROBERT MANNING, et al.,<br>Plaintiffs,<br>v.<br>MARTINEZ REFINING COMPANY LLC,<br>Defendant. | Case No. 24-cv-08316-HSG<br><br>Re: Dkt. No. 26 |

Pending before the Court is Plaintiffs' motion to strike affirmative defenses in three of the related cases against Defendant Martinez Refining Company LLC. *See Saliba v. Martinez Refining Company LLC*, Case No. 24-cv-08153-HSG, Dkt. No. 30; *Silvestri v. Martinez Refining Company LLC*, Case No. 24-cv-08241-HSG, Dkt. No. 31; *Manning v. Martinez Refining Company LLC*, Case No. 24-cv-08316-HSG, Dkt. No. 26. The Court finds these matters appropriate for disposition without oral argument, and the matters are deemed submitted. *See*

Civil L.R. 7-1(b).  For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions to strike.

## I.   BACKGROUND

This is one of several related cases filed in this district against Defendant Martinez Refining Company, LLC ("MRC" or "Defendant").[1]  MRC owns and operates an oil refinery in Martinez, California, that processes crude oil into gasoline and jet fuel.  *See* Dkt. No. 1 ("Compl.) at ¶¶ 34–35.[2]  The refinery is surrounded by residential properties.  *See id.* at ¶¶ 28–29.  Plaintiffs allege that Defendant emits large quantities of particulate matter as a result of its operations and ongoing safety failures.  *See id.* at ¶¶ 3–10, 35–37.  Plaintiffs in these three cases allege the same five causes of action under California law: (1) negligence; (2) public and private nuisance; (3) premises liability; (4) trespass; and (5) strict liability for ultra hazardous activities.  *See id.* at ¶¶ 4382–4435.

As relevant here, Plaintiffs move to strike 19 of the 25 affirmative defenses that Defendant identified in its answer.  Dkt. No. 30.  Plaintiffs argue that Defendant has failed to plead sufficient facts to make ten of the defenses plausible.  *See id.* at 8–10.  And Plaintiffs further argue that nine of the defenses are not affirmative defenses at all.  *Id.* at 6–7.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  An affirmative defense is insufficiently pleaded if it fails to give the opposing party "fair notice" of the nature of the defense.  *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  In moving to strike, a party seeks "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney–Vinstein v. A.H.*

---

[1] These include the above-captioned cases, as well as *Malan v. Martinez Refining Company LLC*, Case No. 4:23-cv-4184-HSG; *Cruz v. PBF Energy, Inc.*, Case No. 23-cv-06142-HSG; *Frye v. Martinez Refining Company LLC*, Case No. 24-cv-04506-HSG; and *Canning v. Martinez Refining Company LLC*, Case No. 25-cv-04511-HSG.  They are all currently coordinated before this Court for resolution of common issues.

[2] For ease of reference, and unless otherwise indicated, all docket references are to *Saliba v. Martinez Refining Company LLC*, 24-cv-08153-HSG.

2

*Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Because motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent." *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *1 (N.D. Cal. Sept. 23, 2010) (quotation omitted). In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issue[s]." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted); *cf. Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 867 (N.D. Cal. 2023) (quotation omitted).[3]

### III. DISCUSSION

#### A. Insufficiency of the Pleadings

Plaintiffs first argue that ten of the affirmative defenses are boilerplate, and they also fail to satisfy the *Twombly* and *Iqbal* pleading standard. *See* Dkt. No. 30 at 8–10. The Ninth Circuit has not definitively decided whether the *Twombly*/*Iqbal* pleading standard should apply to affirmative defenses. However, this Court recently explained that upon further reflection it does not believe this standard should apply. *See Lewis v. Hilltop Grp., L.P.*, No. 25-CV-03398-HSG, 2025 WL 2899511, at *2 (N.D. Cal. Oct. 10, 2025). The Court incorporates this analysis in its entirety here. As in *Lewis*, the Court does not find Defendant's boilerplate defenses to be so clearly insufficient as to fail to give notice, and it declines to exercise its discretion to strike these affirmative defenses absent any showing that doing so would meaningfully streamline this litigation. The Court therefore **DENIES** the motions to the extent they are based on Defendant's purported failure to plead sufficient facts in support of its affirmative defenses.

---

[3] This Court remains among "the robust and growing ranks of district courts that have lamented the time and expense squandered on Rule 12(f) motions," *see Inn S.F. Enter., Inc. v. Ninth Street Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016), and agrees that motions to strike "serve little useful purpose in modern federal practice, and are often wielded mainly to cause delay and inflict needless burdens on opposing parties," *id.*

**B.     Non-Affirmative Defenses**

Plaintiffs next argue that nine of the affirmative defenses are not in fact affirmative defenses at all.  *See* Dkt. No. 30 at 6–7.  Rather, they either attack Plaintiffs' prima facie case directly, such Plaintiffs' ability to establish "causation," or they do not preclude liability, such as Plaintiffs' ability to recover attorneys' fees.  *Id.*

As the Ninth Circuit has explained, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  Defendant does not appear to dispute this.  *See* Dkt. No. 42 at 10–11.  The Court therefore **STRIKES** these defenses without leave to amend.  Still, the Court agrees with Defendant that ultimately striking these defenses is of "little practical significance" because Defendant can "challenge [Plaintiffs'] satisfaction of [their] burden to state a valid claim by motion or at trial whether or not" the answer includes the defenses.  *Kanaan*, 709 F. Supp. 3d at 869–70.

**IV.     CONCLUSION**

The Court **GRANTS IN PART** and **DENIES IN PART** the motions to strike.  *Saliba*, Case No. 24-cv-08153-HSG, Dkt. No. 30; *Silvestri*, Case No. 24-cv-08241-HSG, Dkt. No. 31; *Manning*, Case No. 24-cv-08316-HSG, Dkt. No. 26.  The Court **STRIKES** Defendant's Affirmative Defenses 1–3, 18–20, and 23–25, but otherwise **DENIES** the motions in their entirety.  As will be discussed further at the upcoming case management conference, the parties have significant work to do in these related cases, and the Court expects the parties to use their time—as well as the Court's resources—in an efficient manner that focuses on the key merits issues rather than marginal matters.

**IT IS SO ORDERED.**

Dated:   10/27/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

4